﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/19 Archive Date: 01/30/19

DOCKET NO. 180905-74
DATE: January 31, 2019

ORDER

Service connection for cervical osteoarthritis is granted.

Service connection for left hand degenerative disease and radiculopathy is granted. 

Service connection for right hand degenerative disease and radiculopathy is granted. 

FINDINGS OF FACT

1. The Veteran's cervical osteoarthritis is related to active service.

2. The Veteran's left hand degenerative disease is related to service, and his radiculopathy is secondary to the now service-connected cervical osteoarthritis.

3. The Veteran’s right hand degenerative disease is related to service, and his radiculopathy is secondary to the now service-connected cervical osteoarthritis.

CONCLUSIONS OF LAW

1. The criteria for service connection for cervical osteoarthritis have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for left hand degenerative disease and radiculopathy have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

3. The criteria for service connection for right hand degenerative disease and radiculopathy have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran had active military service from August 1979 to February 2001. The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested evidence submission to the Board. 

1. Entitlement to service connection for cervical osteoarthritis.

The Veteran contends that he has arthritis of the cervical spine related to in-service treatment for spasmodic torticollis. See, e.g., September 2014 statement. The Board concludes that the Veteran has a current disability that is related to the spasmodic torticollis treated in August 1989. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a). 

An August 2013 VA examination shows the Veteran has a current diagnosis of cervical osteoarthritis. Thus, the question becomes whether the current disability is related to service. On this question there are probative opinions in favor of and against the claim. 

The evidence against the claim includes the August 2013 VA examination and an October 2017 fee-based examination. The 2013 examiner opined that the Veteran's degenerative changes were consistent with normal changes due to age. The 2017 examiner opined that the Veteran's arthritis was less likely than not proximately due to or the result of the isolated spasmodic torticollis in 1989; a thorough rationale was provided. 

The evidence in favor of the claim includes a private August 2015 opinion; an April 2016 fee-based examination; and private opinions dated in January 2018 and March 2018. The 2015 physician opined that the Veteran's condition was related to the previous spasmodic torticollis. The 2016 examiner opined that the Veteran's current diagnosis represented a progression of cervical condition diagnosed during military service. The 2018 private medical opinions also relate the Veteran's current cervical spine condition to spasmodic torticollis. Thorough rationales in the January and March 2018 opinions were provided.

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s current cervical osteoarthritis is related to service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for cervical osteoarthritis is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. 

2. Entitlement to service connection for left hand degenerative disease and radiculopathy.

The Veteran contends that he has left hand degenerative disease and radiculopathy related to service and his cervical spine disability. See, e.g., March 2018 substantive appeal. The Board concludes that the Veteran has a current disability that is related to his military service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(a). 

An April 2016 fee-based examination shows the Veteran has a current diagnosis of degenerative arthritis, while a private January 2018 disability benefits questionnaire (DBQ) shows a diagnosis of cervical radiculopathy. Thus, the question becomes whether the current disabilities are related to service. On this question there are probative opinions in favor of and against the claim. 

The evidence against the claim includes April 2016 and October 2017 fee-based examinations. The 2016 examiner opined that the Veteran’s left hand condition was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The 2017 examiner opined that the Veteran's radiculopathy was less likely than not proximately due to or the result of the isolated spasmodic torticollis in 1989. Thorough rationales for both opinions were provided. 

The evidence in favor of the claim includes private January 2018 and March 2018 opinions. The 2018 private medical opinions relate the Veteran’s arthritis to repeated use as a result of his military occupational specialty and his radiculopathy to his now service-connected cervical spine disability; thorough rationales were provided.

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s left hand degenerative disease and radiculopathy are related to service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for left hand degenerative disease and radiculopathy is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. 

3. Entitlement to service connection for right hand degenerative disease and radiculopathy.

The Veteran contends that he has right hand degenerative disease and radiculopathy related to service and his cervical spine disability. See, e.g., March 2018 substantive appeal. The Board concludes that the Veteran has a current disability that is related to his military service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(a). 

The April 2016 fee-based examination shows a current diagnosis of degenerative arthritis and the private January 2018 DBQ shows a diagnosis of cervical radiculopathy. Thus, the question becomes whether the current disabilities are related to service. On this question there are probative opinions in favor of and against the claim. The medical opinions of record for the right hand are the same as discussed above pertaining to the left hand; the Board need not repeat the same opinions. Therefore, upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s right hand degenerative disease is related to service, and his radiculopathy to his now service-connected cervical spine disability. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for right hand degenerative disease and radiculopathy is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD L. Barstow, Counsel